IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
FOR SOUNDVIEW HOME LOAN
TRUST 2006-WF2                                                                        PLAINTIFF

VS.                                       CASE NO. 4:11-CV-04092-SOH

STEPHEN BRIAN COLLINS OR
KIMBERLY DIANE COLLINS
AND/OR OCCUPANTS OF
4251 SANDERSON LANE
TEXARKANA, ARKANSAS 71854-1211                                                        DEFENDANTS

STEPHEN BRIAN COLLINS and
KIMBERLY DIANE COLLINS, individually
and on behalf of all others similarly situated                                        COUNTERCLAIMANTS

VS.

DEUTSCHE BANK NATIONAL
TRUST COMPANY                                                                         COUNTERDEFENDANT


## ORDER

Before the Court is the Defendants/Counterclaimants' ("Defendants") Motion to Remand. (ECF No. 7). The Plaintiff/Counterdefendant ("Plaintiff") has responded in opposition (ECF No. 15), and the Defendants/Counterclaimants have replied. (ECF No. 16). The matter is ripe for the Court's consideration. For the following reasons, the Court finds that the Defendants' Motion should be granted.

Stephen and Kimberly Collins executed a mortgage on their home on August 25, 2006. Sometime before April 2010, the Collins defaulted on that mortgage obligation. Deutsche Bank, as trustee for a home-loan trust, became the holder of the Collins's mortgage debt at some point

during the intervening years. After the Collins's default, Deutsche Bank forced a sale on their home, which took place April 27, 2010. Deutsche Bank was both the seller and the buyer at that sale, thus becoming the deeded owner of the home. The Collins, however, continued to occupy the home even after Deutsche Bank became the owner.

On June 10, 2010, Deutsche Bank filed a complaint for writ of assistance in the Circuit Court of Miller County, Arkansas. The writ presumably sought to eject the Collins from the house. The Collins counterclaimed against Deutsche Bank on September 2, 2011.[1] That class-action counterclaim alleged violations of the Arkansas Deceptive Trade Practices Act (stemming from alleged violations of the Arkansas Statutory Foreclosure Act of 1987); unjust enrichment; and slander of title.

Deutsche Bank then removed the case to this Court on September 21, 2011, relying on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The Collins object to removal, and move this Court to remand the case back to Miller County Circuit Court. The Collins object on two grounds: (1) CAFA does not alter the ordinary rule that counterdefendants may not remove on the basis of a counterclaim; and (2) Deutsche Bank has not sufficiently alleged that the Collins's counterclaim exceeds CAFA's five-million-dollar amount-in-controversy requirement. (ECF No. 7). The Court agrees with the Collins that Deutsche Bank, as a counterdefendant, cannot remove to this Court, and grants the Collins's Motion to Remand.[2]

## DISCUSSION

Before CAFA, the law had long been settled on the question whether a plaintiff in state court who becomes a counterdefendant can remove the action to federal court, and the settled

---

[1] The date-stamp on the counterclaim is slightly obscured, allowing the interpretation that it was filed on September 12, rather than September 2. But Deutsche Bank admits receiving the counterclaim on September 2. (ECF No. 1).
[2] Because the Court finds that the Collins's first ground for remand is correct, it does not reach the amount-in-controversy issue.

answer was no. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). The chief question in this case is whether CAFA altered this settled rule that counterdefendants may not remove. The Court concludes that its alterations did not reach that far. Even under CAFA, a state-court counterdefendant may not remove to federal court.

Two points give rise to the claim that counterdefendant removal was broadened under CAFA: (1) the change from "the defendant" language in the original removal statute, § 1441(a), to "any defendant" language in CAFA's removal-alteration statute, § 1453(b); and (2) the idea, sourced chiefly from CAFA's legislative history, that CAFA's policy and purpose was to broaden the availability of the federal courts to class-action cases. The Eighth Circuit has not decided the question now before this Court, but the Court finds that CAFA does not allow removal by a counterdefendant, including the one in this case.

**1. Statutory Language**

The first issue involves statutory interpretation, which requires beginning with the language of the statute. *CSX Transp., Inc. v. Ala. Dep't of Revenue*, ____ U.S. ___ , 131 S.Ct. 1101, 1107 (2011). If the statute is unambiguous, its plain meaning is applied. *Alpine Glass, Inc. v. Ill. Farmers Ins. Co.*, 643 F.3d 659, 664 (8th Cir. 2011). If it is ambiguous, the Court applies canons of statutory construction to discern the legislature's intent. *Id.* The statute at issue here is ambiguous, but not extremely so.

The debate centers on the use of "the" to modify "defendant" in § 1441(a), and "any" to modify "defendant" in § 1453(b). Section 1441(a), the traditional removal statute, states:

> any civil action brought in State court of which the district
> courts of the United States have original jurisdiction, may
> be removed by *the defendant* or *the defendants*….
> (emphasis added)

3

Section 1453(b), the CAFA removal statute, states:

> A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by *any defendant* without the consent of all defendants. (emphasis added)

Deutsche Bank argues that, because CAFA replaces the traditional "the" with "any," CAFA expands the definition of "defendant" to include counterdefendants, who were barred from removing under § 1441(a)'s construction.

Thus, the root of the statutory-interpretation question in this case is whether the modifier "any" fundamentally changes the settled caselaw definition of "defendant." The Court thinks that it does not. Rather, CAFA accomplishes its admitted expansion of federal-court removal jurisdiction for class-action lawsuits by allowing *any* defendant (i.e., a *single* defendant) to remove without the consent of *all* defendants.

The Court is not persuaded that Congress intended to change the settled definition of a crucial civil-procedure term merely by changing its modifier. The fact that *any* defendant may do something (remove) does not mean that one who formerly was not a defendant is now a defendant. Indeed, "[i]t does not follow from the fact that [CAFA] expands the set of removable cases that it must use 'defendant' in a novel way. The statute uses time-tested legal language." *First Bank v. DJL Properties, LLC.*, 598 F.3d 915, 917 (7th Cir. 2010). Had Congress intended § 1453(b) to alter settled caselaw, it could have used "counterclaim defendant" explicitly, or even the more general "any party." But it retained a term with a settled definition—and a modifier is not enough to change that settled definition.[3] *See Palisades Collections, LLC v. Shorts*, 552 F.3d 327

---

[3] While Deutsche Bank cites to an Ohio district-court case agreeing with its interpretation of § 1453(b), that case has not been followed by other courts in the same district. *Deutsche Bank Nat. Trust Co. v. Weickert*, 638 F.Supp.2d 826

4

(4th Cir. 2008); *First Bank v. DJL Properties, LLC*, 598 F.3d 915 (7th Cir. 2010); *Progressive West Ins. Co. v. Preciado*, 479 F.3d 1014 (9th Cir. 2007); *Westwood Apex v. Contreras*, 644 F.3d 799 (9th Cir. 2011) (all finding that a counterdefendant may not remove under CAFA). Based on the statutory language of § 1453(b), a counterdefendant is not defendant under the CAFA removal statute.[4]

### 2. Legislative History

Deutsche Bank also argues that the policy of CAFA as evidenced in its legislative history requires the interpretation that a counterdefendant may remove under § 1453(b). This argument is similarly unavailing. The Supreme Court has noted that one should assume that the ordinary meaning of statutory language accurately expresses its legislative purpose. *Metro. Life Ins. Co. v. Mass.*, 471 U.S. 724, 740 (1985) (quoting *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985)). And "[a]bsent compelling evidence requiring a contrary conclusion, the best indication of Congress' intent is Congress' own language." *F.B.I. v. Abramson*, 456 U.S. 615, 644 (1982) (O'Connor, J., dissenting).

The Court recognizes that the legislative purpose behind CAFA was to broaden federal-court jurisdiction over class-action suits. *See, e.g.*, *Palisades Collections, LLC v. Shorts*, 552 F.3d 327, 342 (4th Cir. 2008) (Niemeyer, J., dissenting) (discussing the history and purpose of CAFA). But that does not answer the question of how far that purpose practically reached. CAFA undoubtedly broadened the three traditional rules of removal jurisdiction by: (1) allowing a single defendant to remove without unanimous consent of other defendants; (2) allowing a home-state defendant to remove; and (3) eliminating the one-year limitation on removal. That

---

(N.D. Ohio 2009) (*not followed by Am. Gen. Fin. Serv. v. Griffin*, 685 F.Supp.2d 729 (N.D. Ohio 2010); *U.S. Bank Nat'l Assoc. v. Adams*, 727 F.Supp.2d 640 (N.D. Ohio 2010); *HSBC Bank USA, Nat'l Assoc. v. Arnett*, 767 F.Supp.2d 827 (N.D. Ohio 2011)).

[4] Because the Court determines that a counterdefendant is not a "defendant" under § 1453(b), it is not material whether the Collins counterclaimed against Deutsche Bank in an individual capacity or in the capacity in which it sued the Collins initially. (ECF No. 15, p. 3). Deutsche Bank was made a defendant by a counterclaim, and thus is a counterdefendant in either circumstance.

does not, however, mean that CAFA fundamentally altered the definition of "defendant" for removal purposes.

Thus, the Court does not find the general legislative purpose behind CAFA to demand altering the traditional removal definition of "defendant." The statute is not so unclear as to allow this Court to drastically expand its meaning by appealing to its general legislative purpose. The statute as written clearly expands class-action removal jurisdiction sufficiently to satisfy the legislative purpose behind it, without requiring that "defendant" be fundamentally redefined.

## CONCLUSION

Because the Court finds nothing in the language or legislative history of CAFA to alter the traditional rule that a counterdefendant such as Deutsche Bank may not remove a case to federal court, the Defendants/Counterclaimants' Motion to Remand is **GRANTED**. This case is therefore remanded to the Circuit Court of Miller County, Arkansas for further proceedings.

IT IS SO ORDERED, this 7th day of March, 2012.

                                                  /s/ Susan O. Hickey
                                                  Hon. Susan O. Hickey
                                                  United States District Judge